IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE RODRIGUEZ, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-10-0099 |
| | § | |
| UNDERWRITERS AT LLOYD'S | § | |
| LONDON, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs George Rodriguez and Linda Rodriguez's Motion to Remand [Doc. # 15], to which Defendant Underwriters at Lloyd's London ("Lloyd's") filed a Response [Doc. # 16]. Also pending is Lloyd's Motion to Vacate Order Granting Leave to File Amended Complaint and Motion to Strike Amended Complaint ("Motion to Vacate and to Strike") [Doc. # 16], to which Plaintiffs filed a Response [Doc. # 18], and Lloyd's filed a Reply [Doc. # 19]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Remand and **schedules a conference** to address the Motion to Vacate and to Strike.

### I.    BACKGROUND

Plaintiffs allege that their residence in Brazoria County, Texas, was damaged by Hurricane Ike. That residence was financed through Defendant Wells Fargo Bank

N.A. ("Wells Fargo"). Plaintiffs allege that Wells Fargo, through Vela and Vela Agencies, Inc. ("Vela"), contracted with Lloyds for an insurance policy to cover the property. Plaintiffs allege that prior to Hurricane Ike, either Wells Fargo failed to pay the premiums or Vela failed to apply the premiums, causing the insurance policy to lapse or be cancelled. Plaintiffs sued Lloyds in Texas state court, alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

Lloyds removed the lawsuit to federal court. The federal case was assigned to Hon. Kenneth Hoyt, who granted Plaintiffs' Motion for Leave to File Amended Complaint. Judge Hoyt subsequently recused and the case was reassigned. Plaintiffs filed a Motion to Remand, and Defendant filed the Motion to Vacate and to Strike.

## II.  **MOTION TO REMAND**

Lloyds filed its Notice of Removal on March 17, 2010, based on the complete diversity of citizenship between the parties to Plaintiffs' Original Complaint. After Defendant filed the Notice of Removal, Plaintiffs attempted to file an amended complaint in state court, but the amendment was refused because the Notice of Removal had already been filed. On August 6, 2010, Plaintiffs sought and obtained leave to file an Amended Complaint adding Vela and Wells Fargo as defendants. Plaintiffs and Vela are all citizens of Texas.

It is undisputed that the Court had subject matter jurisdiction over the original complaint in which the only parties – Plaintiffs and Lloyds – were citizens of different states.  A post-removal amended complaint cannot divest a federal court of jurisdiction.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).  Consequently, the amended complaint adding a non-diverse defendant does not divest the Court of subject matter jurisdiction in this case and the Motion to Remand is **denied**.

### III.   MOTION TO STRIKE AMENDED COMPLAINT

Plaintiffs filed their Motion for Leave to Amend [Doc. # 9] on August 6, 2010, and it was granted by Judge Hoyt on August 10, 2010.  *See* Order [Doc. # 10]. Because the post-removal amendment would destroy diversity, the motion should be considered pursuant to 28 U.S.C. § 1447(e) and *Hensgens v. Deere Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  Because the record is unclear regarding the prior Court's analysis, the Court will conduct a hearing to address whether joinder of the non-diverse defendant is appropriate or whether joinder of that defendant should be denied.

### IV.   CONCLUSION AND ORDER

Plaintiffs' post-removal amendment to add a non-diverse defendant does not divest this Court of subject matter jurisdiction.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 15] is **DENIED**.  It is further

**ORDERED** that counsel shall appear before the Court on **October 18, 2010, at 10:00 a.m.** to discuss Defendant's Motion to Vacate and to Strike and for a status and scheduling conference.

SIGNED at Houston, Texas, this **29th** day of **September, 2010**.

_____
Nancy F. Atlas
United States District Judge